OPINION. BaaR, Judge: This case involves no controversy as to the rules of law to be applied but presents merely an issue of fact as to the character of the payment of $8,000 and the nature of the consideration for which it was made. The respondent does not challenge the proposition that if the payment in question was actually made in consideration of the dismissal of petitioner’s suit the income tax consequences would be determined by the nature of the grounds of the action which was thereby settled. Lyeth v. Hoey, 305 U. S. 188; Raytheon Productions Corp. v. Commissioner, 144 F. 2d 110, affirming 1 T. C. 952, certiorari denied 323 U. S. 779. Since the basis of the petitioner’s action was his claim that the sale of his stock in 1940 had been induced by fraud and should therefore be rescinded, it is clear that any payment actually made in settlement of that suit would result in capital gain. With respect to a situation essentially analogous, the law was analyzed and applied in the case of Margery K. Megargel, 3 T. C. 238 (1944). There the taxpayer instituted a suit praying for the rescission of a conveyance of stock in reliance upon representations which she considered to be fraudulent. The suit was settled for cash. The Court held that the transaction resulted, for tax purposes, in a sale or exchange of the taxpayer’s stock occurring in the year of the settlement and that the proceeds received were taxable as capital gains. That case would be decisive here if there was no dispute as to the facts. The respondent, however, relies upon the conclusion of fact, which he requests us to find, that the payment “was both given and received as severance pay” and that “the petitioner has failed to prove that the payment was actually related to the basis for the litigation.” The issue arises only because the parties to the settlement transaction have consistently taken conflicting positions concerning the nature of the payment and of the consideration for which it was actually made. The petitioner contends that at the time of the transaction, as at present, he has consistently maintained that he had no claim except that he had been defrauded and that the money received by him was solely in consideration for his relinquishment of this claim. The respondent, relying upon the testimony of one of the defendants and one of their lawyers, the letters written at the time of the transaction, and other documentary evidence, contends that this was not in fact the nature of the payment made by the defendants in the suit, but that at all times they made it clear that their payment was based upon entirely different considerations. At many times before and after the disposition of the action, the defendants consistently took the position that they recognized no merit in the claim of fraud, refused to make any payment whatever to dispose of it, demanded and obtained a complete exoneration and withdrawal of the charges, and made the payment in question only for personal considerations urged by the petitioner’s representatives, such as his age and failing health, his long association with the business, the family relationship, and the financial ability of the defendants to dispose of the matter without undue burden. Under this view, the dismissal of the court proceeding was merely a required condition and not a consideration for the payment. This position is sustained by the fact that the entire settlement payment was made by the corporation, which probably could have incurred no more than a nominal liability under a judgment in the suit, compelling it to transfer the shares and perhaps to account for dividends, if any. No payment whatever was made by the individual defendants who were guilty of the fraud, if any, and who presumably would have borne substantially the entire burden of a judgment in favor of the plaintiff. On the other hand, the alleged position of the defendants, upon which the respondent must prevail or fail in these proceedings, is opposed and contradicted by the evidence in so many respects that we are compelled to conclude that the inducements for their action were in fact quite different from those which they have represented. First, the evidence makes it clear that the suggestion for designating the settlement payment as “severance pay” did not originate with the individual defendants, but came from their lawyer and accountant. This strongly suggests that the defendants were advised of the tax advantages of obtaining an income tax deduction for the corporation, as compared with a capital loss to the individuals. Their ostensible position therefore may have been merely a screen for undisclosed motives. Second, it is obvious that the designation as “severance pay” was entirely unrealistic, if not insincere. The evidence strongly suggests that all parties felt that the petitioner had been adequately or even excessively compensated for his services, and there is not the slightest support for the conclusion that the corporation was legally or morally or otherwise obligated for any additional payments to him. The payment amounted to more than twice the annual salary paid during most of the period of employment, and there is no evidence whatever that it represented compensation of reasonable amount. The petitioner’s employment had terminated more than 2 years before the settlement was made, and about a year before there was any discussion of severance pay. Such discussions originated with reference to his claims of fraud and his suit for rescission. With his rejection of the first offer of settlement, the petitioner emphatically informed the defendants that he was making no claim for severance pay or any other compensation for services. Under such circumstances any action to force upon him the acceptance of such compensation would represent an unlawful diversion of corporate funds for the personal benefit of the controlling stockholders and officers, made only to obtain a discharge of their personal liabilities by a corporate payment based upon no corporate liability and made without any consideration to the corporation. The essential character of the payment is not to be determined by a mere description or designation, not even by one in which one party has forced the other to acquiesce; on the contrary, the actualities of the situation must govern our decision as to the true nature of the amount received. In the case of Mid-State Products Co., 21 T. C. 696, 707-709, 724-725 (1954), with respect to a transaction in some respects similar to the one here involved, we said: Motyeke disposed of or sold his stock in petitioner and J. W. Nunamaker, Jr., acquired it. The fact that J. W. Nunamaker, Jr., and Motyeke agreed in the course of settlement of their disputes and lawsuits that $35,000 of the consideration flowing to Motyeke for the stock should be paid for Nunamaker by petitioner, does not .make it otherwise. Neither is its character or substance changed by the wording or formalities of the documents used in the settlement. The payment by petitioner to Motyeke was not an ordinary and necessary expense incurred by it in the operation of its business. * * * It is our conclusion, that in fact the defendants’ designation of this payment as “severance pay” was entirely unfounded and apparently was not made in good faith. It therefore can not be accepted as a true description of the nature of the consideration paid by the defendants, even from their own point of view and disregarding the understanding of the recipient. This alone might justify this Court in accepting for the purposes of this opinion the characterization of the payment which accords with the understanding of this petitioner at the time he received the money. It is not necessary, however, to rely only upon this choice, since the evidence furnishes additional support for the conclusion that even from the point of view of the defendants in the action the payment was in fact made in settlement and discharge of the claim presented in the suit. There is adequate evidence to sustain the finding that the disposition of the suit was the dominant inducement for which the defendants made the payment. Not only was the settlement made in the course of the trial and under the urgent intervention of the trial judge, but Otto Weil, apparently the leader of the defendants, testified: “My lawyers and accountants said, ‘You had better give them this to have this off. You spend more than the lawyer’s fee’.” Interpreting the inadequate English of the witness, it seems clear that a motivating consideration in the settlement was to avoid the expenditures which otherwise would be necessary to continue with the defense of the suit. The respondent raises for the first time in his brief the further point that, since the court action sought the recovery of profits, dividends, and interest, even if the payment was made in settlement of the action some portion of it must be allocated to these items and would therefore constitute ordinary income. In the absence of any evidence of the receipt of any income of this character or of the amount thereof, we do not believe that it is necessary to consider this contention. The 1949 income tax of the petitioner has been overpaid in an amount which will be determined under Eule 50. Decision will l>e entered under Rule 50.